IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIFFANY SAULS, | : |
| Movant, | : |
| v. | : Criminal No. 5:19-cr-00009-MTT-CHW-2 |
| | : Civil No. 5:20-cv-00408-MTT |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

## ORDER

Movant Tiffany Sauls has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Docs. 99, 108). In support of relief, Movant raises four claims of ineffective assistance of counsel. For the reasons stated below, an evidentiary hearing is necessary with respect to all four on Movant's claims.

"A petitioner is entitled to an evidentiary hearing if he 'alleges facts that, if true, would entitle him to relief.'" *Hernandez v. U.S.*, 778 F.3d 1230, 1232 (11th Cir. 2015) (quoting *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014)). "But a district court need not hold an evidentiary hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id*. (alterations adopted) (citations and internal punctuation omitted).

First, Movant argues her trial counsel was deficient by failing to investigate Movant's competency to stand trial. (Doc. 99, p. 4; Doc. 108, pp. 4-6). "Competence to proceed to trial . . . requires the defendant to possess the 'capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[.]" *U.S. v. Wingo*, 789 F.3d 1226, 1234-35 (11th Cir. 2015) (citations omitted). Counsel for a defendant has

a duty to investigate into the defendant's competency. *Foster v. Dugger*, 823 F.2d 402, 405 (11th Cir. 1987). "Counsel could have been ineffective either by failing to make a reasonable investigation into petitioner's competency or by failing to make a reasonable decision that such investigation was unnecessary." *Futch v. Dugger*, 874 F.2d 1483, 1487 (11th Cir. 1989) (citations omitted). "In order to demonstrate prejudice from counsel's failure to investigate his competency, petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that [she] was incompetent to stand trial.'" *Id*. (citations omitted).

Movant has alleged that she "has a long history of mental illness" and was diagnosed as bipolar in 2017. (Doc. 108, p. 4). She also "has an extensive history of substance abuse" involving marijuana and methamphetamine. (*Id*.) Her education is limited due to "a learning disability with a low IQ," and although "she was promoted to tenth grade," she advanced "despite having failing grades, failing to meet standards on a Standard Test Writing assessment, and earning just over one-quarter of the credits attempted." (*Id*. at 5). Movant contends that her "long history of mental problems should have prompted [Movant's] attorney[] to question [her] competence." *Agan v. Dugger*, 835 F.2d 1337, 1340 (11th Cir. 1987). Additionally, Movant claims that she "only did what [her attorney] told her to do" and did not "understand what was going on." (Doc. 108, p. 6). If true, these allegations, coupled with Movant's history of mental problems, could demonstrate a reasonable probability that Movant would have been declared incompetent. Therefore, an evidentiary hearing is warranted.

Although the government correctly contends that trial counsel's failure to challenge Movant's competency is persuasive evidence that Movant is in fact competent, "it cannot be conclusive evidence that competency is not in doubt." *Wingo*, 789 F.3d at 1238 (citations omitted). The record is insufficient to establish trial counsel's reasoning in this regard and thus warrants an

evidentiary hearing. *See Agan*, 835 F.2d at 1340 (ordering an evidentiary hearing where it was not "clear from the record" whether "the lawyers may have made a strategic decision not to challenge Agan's competence, based on a reasonable determination that Agan was competent.").

Movant's second claim of ineffective assistance of counsel further supports the need for an evidentiary hearing. Movant alleges that her trial counsel failed to call certain witnesses who could have supported her incompetency. (Doc. 99, p. 5; Doc. 108, pp. 7-8). While Movant does not allege the identities of such witnesses in bringing this claim, she does suggest elsewhere in her brief that these witnesses would consist of "social workers, family and friends that have known" her. (Doc. 108, p. 6). Without an additional record as to why trial counsel did not call these witnesses, the Court cannot determine whether the decision was a strategic or tactical one. Thus, an evidentiary hearing is necessary to determine this issue.

In her third claim, Movant alleges her trial counsel informed her "that if she took any plea she would receive more time[.]" (Doc. 99, p. 7; Doc. 108, p. 8). She claims that she "went to trial only because her attorney told her to do so" and even though she did "not fully comprehend[] of all that goes on in trial." (Doc. 108, p. 8). Movant also contends that her trial counsel threatened to withdraw if she accepted the plea bargain. (*Id*. at 9). "In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea." *Lafler v. Cooper*, 566 U.S. 156, 171 (2012)

Finally, Movant claims that her trial counsel failed to file her appeal and informed her "and her mother that if she appealed her sentence she would get more time."[1] (Doc. 99, p. 8). Movant

---

[1] The Court notes that Movant's amended petition does not assert this fourth ground for relief. (Doc. 108, p. 2). Due to the Court's concern regarding Movant's competency, however, the Court will proceed in the abundance of caution and allow Movant to address this claim at the evidentiary hearing. As the government has responded to this claim despite Movant's amendment, (*see* Doc. 114, pp. 9-11), no prejudice will result.

3

also alleges that trial counsel stated he was too busy to assist in an appeal. (*Id.*) It is unclear whether Movant expressed to counsel her desire to appeal, thus triggering his duty to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Nevertheless, "even if a client has not made a specific request of his attorney to file an appeal, a court must inquire whether the attorney consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes." *Gomez-Diaz v. U.S.*, 433 F.3d 788, 792 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 478).

It is therefore **ORDERED** that an evidentiary hearing be scheduled as to the following issues:

(1) Whether counsel investigated Movant's competency to stand trial,
(2) Whether counsel consulted witnesses that support Movant's claim of incompetency,
(3) Whether counsel consulted Movant as to consequences of proceeding to trial,
(4) Whether, but for counsel's advice concerning trial, Movant would have accepted the plea,
(5) Whether counsel consulted Movant regarding an appeal, and
(6) Whether Movant instructed counsel to appeal.

Attorney Kenneth Smith will be appointed to represent Movant for purposes of the evidentiary hearing, which will take place on October 6, 2021, at 10:00 a.m., or as otherwise scheduled at the request of the parties, in Courtroom E of the William Augustus Bootle Federal Courthouse in Macon, Georgia.

Because all transcripts have been prepared and filed on the docket of this case, Petitioner's motion to receive transcripts (Doc. 106) is **TERMINATED**, as moot.

**SO ORDERED**, this 30th day of July, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge