IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TIFFANY SAULS, | |
| Movant, | Case No. 5:19-cr-009 (MTT)<br>Civil No. 5:20-cv-408 (MTT) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## ORDER FOR PSYCHIATRIC/MENTAL EVALUATION

On July 16, 2019, Movant was convicted by a jury of a single count of Possession with Intent to Distribute Methamphetamine with a weight in excess of 50 grams or more. (Document 65). Movant was sentenced to 97 months imprisonment reduced by 173 days for time served, along with 5 years of supervised release and a $100.00 mandatory assessment. (Document 89). No Notice of Appeal or Waiver of Appeal was filed by Movant's then counsel.

Since then, Plaintiff has filed a pro se Motion to Vacate under 28 U.S.C. § 2255, with subsequent responses and filings thereafter. (See generally Documents 99 – 100). After considering the filings, this Court issued an Order, setting an evidentiary hearing on a number of issues, including: "(1) Whether counsel investigated Movant's competency to stand trial; [and] (2) Whether counsel consulted witnesses that support Movant's claim of incompetency…". (Document 116). Counsel was appointed to represent Movant for the evidentiary hearing (Document 117).

In the course of investigating the Movant's Motion to Vacate under 28 U.S.C. § 2255 and preparing for the upcoming evidentiary hearing, Movant's newly appointed Counsel filed an Unopposed Motion for Determination of Movant's Mental Condition, requesting this Court to issue an order for a psychiatric/psychological evaluation of the Movant to determine her past and present competency, and to also evaluate Movant for conditions relevant to her sentence. (Document 119).

A hearing was scheduled, at which the Court heard argument in support of the motion for an evaluation. At that hearing, Movant showed reasonable cause to believe that she may presently be suffering or may at the time of indictment and trial have suffered from a mental disease or defect rendering her mentally incompetent to the extent that she is or was unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Movant also confirmed her intent to cooperate with an evaluation if ordered. After entertaining and evaluating the matter, the Court orally granted the motion for mental evaluation, with this written order to follow. (Document 120).

Accordingly, it is **HEREBY ORDERED**, pursuant to 18 U.S.C. § 4241(b), § 4242(a), and § 4247(b) that Defendant shall be **COMMITTED** to the custody of the United States Attorney General for a reasonable period of time, not to exceed forty-five days. The Attorney General is directed to place Movant in a suitable facility, as close to the Court as practicable, for evaluation by at least one licensed or certified psychiatrist or psychologist.

The examining professional or professionals shall prepare and return a written report to the Court, counsel for Movant, and the United States Attorney for the Middle District of Georgia, stating findings regarding:

(1) Movant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings;

(4) the examiner's opinions as to diagnosis, prognosis, and whether Movant is now or was at the time of her Indictment on February 14, 2019, through the time of her sentencing on November 26, 2019, suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is or was

>   (a) unable to understand the nature and consequences of the proceedings against her, or
>
>   (b) unable to assist properly in her defense; and

(5) the examiner's opinion as to whether the Movant, at the time of commission of the alleged acts constituting the offense, was suffering from a severe mental disease or defect such that she was unable to appreciate the nature and quality or the wrongfulness of her acts.

(6) the examiner's opinion as to whether the Movant is suffering from a mental disease or defect as a result of which she is in need of custody for care or treatment in a suitable facility; and

(7) any recommendation the examiner may have as to how the mental condition of the Movant should affect the sentence.

In making such examination of Movant, the examining professional or professionals shall be authorized and empowered to provide such treatment and medication as are deemed necessary and proper to assist in making the evaluation required by this Order.

The Clerk of Court is directed to provide two certified copies of this Order to the United States Marshal, who shall convey this order to at least one qualified psychiatrist or psychologist as designated by the Bureau of Prisons and to make such other arrangements as are necessary for the examination of Movant. The period for examining and evaluating Defendant shall not commence until Movant is received at the facility designated for performing the evaluation.

Once the evaluation is concluded, the United States Marshal is directed to retake custody of and arrange for housing of the Movant, in a manner allowing appointed Counsel access to Movant within a reasonable driving distance. Nothing in this Order is intended to or should in any way affect the computation of time being served by Movant under the District Court's sentence.

**SO ORDERED**, this the 24th day of September, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge